**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| HUU THANH TRAN, MANH THI NGUYEN, CHEO VIET CAM, CUONG CHI TANG,<br><br>    Plaintiffs,<br><br>vs.<br><br>MICHAEL S. ASTRUE, Commissioner of Social Security,<br><br>    Defendant. | CASE NO. 10-CV-659-H (POR)<br><br>**ORDER**<br>**(1) GRANTING MOTION TO DISMISS; AND**<br><br>**[Doc. No. 15.]**<br><br>**(2) DENYING MOTION TO AMEND**<br><br>**[Doc. No. 23.]** |

    On March 26, 2010, Plaintiffs Huu Thanh Tran, Manh Thi Nguyen, Cheo Viet Cam and Cuong Chi Tang filed a complaint in this case against Defendant Michael S. Astrue, Commissioner of Social Security. (Doc. No. 1.) On June 28, 2010, Defendant filed a motion to dismiss. (Doc. No. 15.) On August 5, 2010, Plaintiffs filed their response in opposition to the motion to dismiss. (Doc. No. 17.) On August 9, 2010, Plaintiffs filed a motion for leave to amend the complaint. (Doc. No. 23.) The Court, pursuant to its discretion under Civil Local Rule 7.1(d), determines this matter to be appropriate for resolution without oral argument, submits it on the parties' papers, and vacates the hearing set for September 7, 2010. For the following reasons, the Court GRANTS Defendant's motion to dismiss and DENIES Plaintiffs' motion for leave to amend the complaint.

**Background**

On March 26, 2010, Plaintiffs Huu Thanh Tran, Manh Thi Nguyen, Cheo Viet Cam and Cuong Chi Tang filed a complaint in this case against Defendant Michael S. Astrue, Commissioner of Social Security. (Doc. No. 1.) Plaintiffs allege that they are disabled and applied for Social Security benefits under Title II and/or Title VII of the Social Security Act, 42 U.S.C. § 1381 et seq. (Id.) On June 28, 2010, Defendant filed a motion to dismiss Plaintiffs' complaint under the Federal Rule of Civil Procedure 12(b)(1) for failure to exhaust administrative remedies. (Doc. No. 15.) Defendant's motion indicates that Plaintiffs' cases are still pending at the ALJ level or on reconsideration. (Doc. No. 15-2, Exs. 1-4.)

**Discussion**

**I. Motion to Dismiss Under Fed. R. Civ. P. 12(b)(1)**

Federal Rule of Civil Procedure 12(b)(1) authorizes a court to dismiss claims over which it lacks proper subject matter jurisdiction. When ruling on a motion to dismiss for lack of subject matter jurisdiction, the court may accept and evaluate evidence beyond the complaint without having to convert the motion into one for summary judgment. Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004); Savage v. Glendale Union High Sch., 343 F.3d 1036, 1040 n.2 (9th Cir. 2003). The court "need not presume the truthfulness of the plaintiffs' allegations" and may examine disputed facts to determine whether subject matter jurisdiction exists. White v. Lee, 227 F.3d 1214, 1242 (9th Cir. 2000); Thornhill Publ'g Co. v. Gen. Tel. & Elecs. Corp., 594 F.2d 730, 733 (9th Cir. 1979) ("No presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims."). "When subject matter jurisdiction is challenged under Federal Rule of Procedure 12(b)(1), the plaintiff has the burden of proving jurisdiction in order to survive the motion." Tosco Corp. v. Cmtys. for a Better Env't, 236 F.3d 495, 499 (9th Cir. 2001) (abrogated on other grounds by Hertz Corp. v. Friend, 130 S.Ct. 1181 (2010)).

**II. Failure to Exhaust Administrative Remedies**

Defendant moves to dismiss Plaintiffs' complaint for lack of subject matter jurisdiction

on the grounds that Plaintiffs failed to exhaust their administrative remedies, because none of the Plaintiffs have completed the administrative process and obtained final decisions from the Commissioner. (Doc. No. 15.)  Specifically, Defendant presents evidence that Plaintiffs Tran, Cam and Tan's cases are currently pending at the ALJ level. (Doc. No. 15-2, Exs. 1, 3, 4.) Defendant also presents evidence that Plaintiff Nguyen's case is currently pending at the reconsideration level. (Id. Ex. 2.)

The United States and its agencies have sovereign immunity from suit unless Congress expressly waives immunity by statute. See F.D.I.C. v. Meyer, 510 U.S. 471, 475 (1994); Cato v. United States, 70 F.3d 1103, 1107 (9th Cir. 1995). The waiver must be "unequivocally expressed" and "not enlarged beyond what the language requires." United States v. Nordic Vill., Inc., 503 U.S. 30, 33-34 (1992) (internal alterations and quotation omitted). Plaintiff suing the United States "bears the burden of pointing to such an unequivocal waiver of immunity." Holloman v. Watt, 708 F.2d 1399, 1401 (9th Cir. 1983). Sovereign immunity extends to the Social Security Administration and its employees. See Kaiser v. Blue Cross of Cal., 347 F.3d 1107, 1117 (9th Cir. 2003) ("The United States, including its agencies and its employees, can be sued only to the extent that it has expressly waived its sovereign immunity."); Hodge v. Dalton, 107 F.3d 705, 707 (9th Cir. 1997) ("The doctrine of sovereign immunity applies to federal agencies and to federal employees acting within their official capacities."). The Social Security Act allows only a narrow waiver of sovereign immunity by providing for limited judicial review of the Commissioner's "final decisions" made after a hearing. See 42 U.S.C. §§ 405(g), (h); see also Schweiker v. Chilicky, 487 U.S. 412, 424 (1988) (noting social security claimant is entitled to judicial review of denial of claim after exhausting administrative remedies). Section 405 requires that a plaintiff obtain a final decision from the Commissioner before obtaining judicial review:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

42 U.S.C. § 405(g).  "No findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as ... provided [in section 405]."  Id. § 405(h).  To obtain a final decision from the Commissioner, a claimant must complete all stages of the administrative appeals process.  Bowen v. City of New York, 476 U.S. 467, 482 (1986).  The administrative process consists of (1) an initial determination; (2) reconsideration; (3) hearing before an administrative law judge; (4) Appeals Council review.  See 20 C.F.R. § 404.900.  A claimant may file an action in federal court only after the Appeals Council issues a decision or denies review.  20 C.F.R. § 404.981.

In their response in opposition to Defendant's motion, Plaintiffs argue that Defendant refused to process their cases after Plaintiffs failed or refused to submit to medical examinations.  (Doc. No. 17.)  Plaintiffs argue that such refusal constitutes "final decision" denying benefits which in turn gives this Court the jurisdiction over the case.  (Id. at 10.)  Plaintiffs argue that their claims have been "indefinitely delayed to the point that a presumption of a 'final decision' could be made, pursuant to 42 U.S.C. § 405(g)."  (Id. at 6.)  The Court notes that Plaintiffs have not presented any evidence to show that they have completed the administrative process and obtained final decisions from the Commissioner, as required by section 405(g).  Indeed, Plaintiffs do not dispute that their claims are currently pending at the ALJ and reconsideration level.  (See Doc. No. 17 at 2, 6.)  Viewing the facts in the light most favorable to Plaintiffs and liberally construing the complaint, the Court concludes that Plaintiffs did not bring this action to challenge a "final decision" pursuant to § 405(g).  See 42 U.S.C. § 405(g); 20 C.F.R. § 404.981.  Because Plaintiffs have not exhausted their administrative remedies before filing suit, this Court is without subject matter jurisdiction over Plaintiffs' claims.  42 U.S.C. § 405(h).  Accordingly, the Court GRANTS Defendant's motion to dismiss the complaint for lack of subject matter jurisdiction.

**III.  Motion to Amend**

On August 9, 2010, Plaintiffs filed a motion for leave to amend the complaint under the Federal Rule of Civil Procedure 15 to add five new plaintiffs and class action allegations.

1  (Doc. No. 23.) The Court notes that Plaintiffs failed to comply with the Court's Local Rules.[1]
2  In any event, the Court has concluded that Plaintiffs failed to exhaust their administrative
3  remedies. As a result, the Court DENIES Plaintiffs' motion for leave to amend the complaint
4  for failure to exhaust.

### Conclusion

For the reasons above, the Court GRANTS Defendant's motion to dismiss the complaint for lack of subject matter jurisdiction, and DENIES Plaintiffs' motion for leave to amend the complaint. The Clerk is directed to close the case.

**IT IS SO ORDERED.**

DATED: August 12, 2010

_____
MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT

---

[1] All hearing dates for any matters on which a ruling is required must be obtained from the clerk of the judge to whom the case is assigned. CivLR 7.1(b).